IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:06cv736-WKW |
| | : | |
| SEVENTY FOUR THOUSAND SEVEN HUNDRED ($74,700) DOLLARS IN UNITED STATES CURRENCY, | : | |
| | : | |
| DEFENDANT. | : | |

RESPONSE TO MOTION TO SUPPRESS

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and hereby responses as follows to Claimant's Motion to Suppress:

I.  Facts

On March 31, 2006, at approximately 8:40 a.m., Detective B.W. Bartlett of the Montgomery Police Department (hereinafter, "MPD") obtained a document search warrant for 5304 West Shades Valley Drive, Montgomery, Alabama (hereinafter, "Residence"). Another MPD officer had the residence under surveillance during this period. At approximately 8:45 a.m., this officer observed a Ford F-150 truck pull into the driveway of the residence and saw a black male get out of the truck and enter the residence.

Pursuant to the document search warrant, MPD officers approached the residence at approximately 9:00 a.m. While the officers were approaching, they observed two black males leaving

and going towards the truck. These men were Otis Jones and George Edward Jones, III. George Jones saw the officers approaching, fled into the backyard of the residence and jumped the fence. Two officers pursued George Jones on foot. During the pursuit, they saw him throw down a plastic bag. The officers were able to detain George Jones and recover the plastic bag which contained an off-white substance believed to be powder cocaine. Otis Jones was also detained and the keys to the truck were found on his person.

Officers entered the residence to secure it. A large quantity of cash was observed under a bed in the rear bedroom.

At approximately 9:15 a.m., an officer found a Glock 9mm pistol in the truck. At approximately 9:30 a.m. two plastic bags, containing a substance which appeared to be powder cocaine, were found in a tool box on the truck.

Officers then sought and, at approximately 11:25 a.m., were issued a drug search warrant for the residence. Cocaine powder and plastic packaging containing cocaine residue were recovered from various locations within the rear bedroom.

George Jones and Otis Jones were transported to the MPD Narcotics Office. A law enforcement officer asked George Jones why he had the defendant currency. George Jones stated an individual known to him as "Boo" asked him to hold the currency. When asked where "Boo" got the currency George Jones stated, "we all know what's going on .... it's dope money."

Otis Jones denied any knowledge of the seized currency.

## II.  The Motion to Suppress

George Jones seeks to have evidence seized during the searches of the residence and his person suppressed along with his statements.  He does not seek to have the evidence seized during the search of the truck suppressed.  See 2 a through e of Motion to Suppress.[1]  See also Standing Order on Arraignment in the Middle District of Alabama.

George Jones contends that the search warrants in this matter were vague, overbroad and constitutionally imprecise.  He also alleges that the warrants lacked probable cause.  He finally states that the warrants fail to adequately describe the premises to be searched "and/or" the things to be seized so as to be a general warrant.[2]

George Jones does <u>not</u> specify the deficiencies noted above nor does he allege any fact to support them.  The only specific fact alleged is that the affiant for the document search warrant was "found to have given false testimony in an affidavit for a search warrant, and that his credibility was subject to question" and that this finding was not conveyed to the judge issuing the document

---

[1] Even if George Jones had sought suppression of the truck evidence, his motion would have been in vain as he lacks standing to object to this evidence.  <u>See</u> <u>U.S. v. Elmore</u>, 304 F.3d 557 (6th Cir. 2002).

[2] George Jones does not allege that his statement was procured in violation of his Miranda rights or that it was illegally coerced.

3

warrant.[3]  George Jones does not allege that anything in the document search warrant is false. (Of course this alleged "finding" has no impact upon the drug search warrant as the affiant there was another police officer.).

> A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that a substantial claim is presented. (cites omitted) In short, the motion must allege facts which, if proven, would provide a basis for relief.

U.S. v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985). See also Standing Order on Arraignment, Middle District of Alabama.

The United States contends that the only issue properly before the court is that dealing with the document search warrant affidavit and the alleged failure to notify the issuing magistrate of the Magistrate Judge's Recommendation. All other grounds for suppression should be summarily dismissed.

Without waiver of this position, the United States will address the other grounds raised for suppression to the extent the basis for them can be determined from the general and conclusory assertions made in George Jones's motion. Likewise, these

---

[3] George Jones supports this allegation by way of a Recommendation of the Magistrate Judge issued in U.S. v. Williams, Case No. 2:05cr68-T, Middle District of Alabama.

conclusory assertions are founded upon mere suspicion and conjecture which greatly hamper the United States' ability to respond.

### III.   Argument and Citation of Authority

#### A.   The Search of George Jones's Person

A law enforcement officer may arrest a person without a warrant where an offense is committed by that person in the presence of the officer and where the officer has probable cause to believe the person has committed a felony. See United States v. Humphries, 372 F.3d 653, 659-60 (4th Cir. 2004); Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003); See also United States v. Watson, 423 U.S. 411, 418, 422 n.11 (1976).

Officers saw George Jones fleeing from them and throwing away a packet which appeared to contain drugs. Accordingly, potential felony offenses were being committed in their presence and they were authorized to make an arrest. Once they made the valid arrest, they were authorized to conduct a search of the arrestee. See United States v. Lyons, 403 F.3d 1248, 1254-55 (11th Cir. 2005). Certainly the recovery of the cocaine thrown away by George Jones was legal because it was abandoned. See United States v. Tinoco, 304 F.3d 1088, 1117 (11th Cir. 2002).

The arrest of George Jones was constitutional, no matter what the court determines regarding the search of the residence. Because George Jones does not even allege that his voluntary

statement to the police regarding the source of the money was coerced or otherwise illegally obtained, there is no basis to suppress his statement.

    B.    <u>The Drug Search Warrant</u>

George Jones makes some conclusory and unsupported assertions that the warrant is general and unspecific and lacks probable cause. Because of the lack of specificity or factual support for this assertion, the United States can only show that this warrant and the affidavit comport to any reasonable interpretations of constitutional requirements, particularly in light of the discovery of narcotics described above.

Even should the court find a problem, the warrant cannot be found to be so deficient that the "Good Faith Exception" to suppression would not apply. <u>See</u> <u>United States v. Leon</u>, 468 U.S. 897 (1984).

    C.    <u>The Document Search Warrant</u>

The United States restates the argument found in III B above and also asserts that, should the court find the warrant deficient, the "Good Faith Exception" is applicable.

The United States will separately address the only specific allegation supported by a detailed factual assertion made by George Jones.

George Jones does not show how this "finding" impinges on the issue of the document search warrant.[4] The affidavit supporting this warrant does not reflect any personal observation or determination made by the affiant. All the facts cited have to do with the efforts of confidential sources, information given by George Jones, and an arrest of George Jones. It is difficult to see how the information regarding the recommendation could have had any affect upon the issuing magistrate's decision. See United States v. Novaton, 271 F.3d 968, 987 (11th Cir. 2001)(Past reliability of informants not material when examined in the context of all the information in the affidavit).

Finally, George Jones makes no assertion that any of the evidence presented in the affidavit is false. Even if the matter of the recommendation should have been presented to the issuing magistrate, the fact that the allegations in the affidavit are true overcomes any problem presented by such an omission.

Respectfully submitted this 21st day of May, 2007.

---

[4] By making this argument, the United States does not make any representation or assertion that it agrees that the affiant officer on the document search warrant was untruthful or reckless in the criminal case which resulted in the Magistrate Judge's Opinion.

                    FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY


                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Office of the United States Attorney
                    Middle District of Alabama
                    One Court Square, Suite 201 (36104)
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560
                    E-mail: John.Harmon@usdoj.gov


## CERTIFICATE OF SERVICE

    I hereby certify that on May 21, 2007, I electronically filed the foregoing Response to Motion to Suppress with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox.**


                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney