```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF ALABAMA
                     NORTHERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:06cv736-WKW |
| | : | |
| SEVENTY FOUR THOUSAND SEVEN HUNDRED ($74,700) DOLLARS IN UNITED STATES CURRENCY, | : : : | |
| | : | |
| DEFENDANT. | : | |

### UNITED STATES' BRIEF REGARDING
### THE HEARING ON CLAIMANT'S MOTION TO SUPPRESS

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and states as follows:

I.  Background.

The court held a hearing on the Claimant's Motion to Suppress on September 6, 2007. At that hearing the United States introduced pictures of items recovered during the search, the warrants themselves and the testimony of participating officers. The court allowed additional briefing on the suppression issue to address the hearing. The three areas covered in the hearing concerned the arrest of George Jones, the Document Search Warrant and the Drug Search Warrant.

Each area is addressed below.

II. <u>Arrest of Claimant George Jones and Evidence/Statements Obtained Thereafter</u>.

It is undisputed that, upon the approach of law enforcement officers wearing clothing clearly identifying them as officers, George Jones fled. He was pursued and during the pursuit discarded cocaine from his person. This cocaine was recovered.

The United States respectfully restates the case citations and argument found in its Response to Motion to Suppress.

The United States will further state that all testimony introduced at the hearing supports the position taken by the United States regarding the events around the arrest.

III. <u>Document Search Warrant</u>.

The document search warrant affidavit states that George Jones was recently involved in drug trafficking and that a large quantity of United States currency was recently observed in the residence subject to the warrant. The affidavit further contained historical allegations that show George Jones was continuously involved in drug trafficking at that same residence over a long period of time.

The affidavit also specifically described the items/evidence that are generated during the course of such long term drug dealing. Attached to the warrant were very specific lists of the items to be seized pursuant to the warrant. These lists clearly limited the evidence/items to seize and the warrant

was not general in any sense. The items seized during execution of this warrant were well within the parameters set by the warrant. Nothing shown on the inventory of the warrant is outside the items listed to be seized.

Once cocaine was found during execution of the document search, it was terminated and the officers sought and received a drug search warrant.

Finally, even if the court finds the warrant was issued improvidently, it is not so deficient that the "Good Faith Exception" to suppression is not applicable. See U.S. v. Leon, 486 U.S. 897 (1984).

III. Drug Search Warrant.

The discovery of narcotics during execution of the document warrant provided ample probable cause for issuance of the drug warrant.

Even should the court find the warrant deficient the "Good Faith Exception" applies to the warrant. See U.S. v. Leon, 486 U.S. 897 (1984).

IV. Conclusion.

All evidence in this case was obtained in accordance with the United States Constitution and should not be suppressed.

Respectfully submitted this 17th day of September, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY


/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox.**


/s/John T. Harmon
John T. Harmon
Assistant United States Attorney