IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-0736-WKW |
| ) | (WO) |
| SEVENTY FOUR THOUSAND SEVEN ) | |
| HUNDRED ($74,700) DOLLARS IN ) | |
| UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

Claimant George E. Jones filed a motion to suppress certain evidence and statements arising out of his arrest, search of his residence, and subsequent interrogation on or about March 31, 2006, in Montgomery, Alabama. (Doc. # 15.) Claimant generally alleges that the search of his person and his residence were violative of the Fourth Amendment of the United States Constitution; that the fruit of the alleged unlawful arrest and interrogation is due to be suppressed; that the search warrants in question were issued on less than probable cause; that the search warrant for claimant's residence was vague and overbroad; and that the search warrant failed to adequately describe the premises to be searched and the things to be seized.

The court held a hearing on the motion to suppress on September 6, 2007. At the hearing the government introduced pictures of items recovered during the search, the warrants, and the testimony of participating officers. Claimant offered no evidence, and he failed to challenge in any way the probable cause determination for either warrant. Moreover, claimant did not offer or identify evidence in support of his contentions that the warrants were vague, overbroad, or lacking in sufficient descriptiveness.

Based upon the evidence presented at the hearing, the court finds probable cause existed for the warrants; that the warrants were not overbroad, vague, or lacking in descriptiveness; and that the results of the search, including statements following arrest of the claimant, are not due to be suppressed. Accordingly, it is ORDERED that the Motion to Suppress (Doc. # 15) is DENIED.

The government has the burden of proving by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). The matter is set for trial on October 15, 2007. After completion of the trial, the court will issue a memorandum opinion detailing and analyzing all relevant facts under the § 983 evidentiary standard.

DONE this 28th day of September, 2007.

        /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE