IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-cv-0736-WKW |
| ) | |
| SEVENTY FOUR THOUSAND ) | |
| SEVEN HUNDRED ($74,700) ) | |
| DOLLARS IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on September 6, 2007, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

   For the Plaintiff: John T. Harmon;

   For Claimant George Edward Jones, III: Bruce S. Maddox.

   **COUNSEL APPEARING AT PRETRIAL HEARING**: (same as trial counsel).

2. **JURISDICTION AND VENUE**:

   Jurisdiction is predicated on Title 28, United States Code, Section 1345 and Section 1355. Venue is proper as the Defendant property is physically located within the Middle District of Alabama.

3. **PLEADINGS**: The following pleadings and amendments were allowed:

  a.  Verified Complaint for Forfeiture In Rem;

  b.  Order for Warrant and Summons for Arrest In Rem;

  c.  Claim of George Edward Jones, III;

  d.  Answer of George Edward Jones, III.

4. **CONTENTIONS OF THE PARTIES**:

**The United States of America**

(a) The Defendant currency was used in any manner or part to commit and to facilitate and was involved in the commission of violations of Title 21, United States Code, Section 801 et seq.; therefore, the Defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

(b) In March 2006, the Montgomery Police Department received information regarding George Jones (hereinafter, "G. Jones") and his drug activities. Surveillance was established on G. Jones' residence (5304 West Shades Valley Drive, Montgomery, Alabama).

(c) On March 31, 2006, officers conducting surveillance observed Otis Jones (hereinafter, "O. Jones") arrive and go inside the residence. O. Jones and G. Jones were approached by officers when both men walked outside the residence. G. Jones fled. During pursuit, G. Jones threw a clear plastic bag containing a white substance. The plastic bag contained approximately 190 grams of powder cocaine.

(d) On March 31, 2006, the Montgomery Police Department

executed a search warrant at 5304 West Shades Valley Drive, Montgomery, Alabama.

(e) During the search, the defendant currency, a Glock 9mm handgun and two bags containing powder cocaine were found and seized. Powder cocaine was also located in the tool box of O. Jones' truck.

(f) The Defendant currency was seized and the men were arrested and transported to the Montgomery Police Department's Narcotics office for processing and further questioning.

(g) O. Jones stated he knew nothing about the defendant currency.

(h) An NCIC check on the subjects revealed that G. Jones has been arrested for Violation of License to Carry Pistol, Making a False Report and Resisting Arrest, along with other misdemeanor arrests. O. Jones has been arrested for Violation of License to Carry a Pistol.

**Claimant George Edward Jones, III**

(a) That the evidence, especially the subject monies, were obtained by the government as a result of illegal search and seizure.

(b) That the government's evidence is insufficient, especially after appropriate application of the Exclusionary Rule, to support forfeiture.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES**:

(a) The written forensic analysis reports of the

illegal drugs seized will be admitted as evidence without requiring testimony and presence of forensic scientist who conducted the analysis;

  (b) Claimant does not contest the analysis reflected on said reports;

  (c) The United States does not contest George Jones' standing to claim the Defendant currency.

  It is ORDERED that:

1. The non-jury trial of this cause, which is to last half of a day, is set for October 15, 2007, at 9:30 a.m. in Courtroom 2-E of the Frank M. Johnson, Jr., United States Courthouse Complex, One Church Street, Montgomery, Alabama.

2. The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions and verdict forms with legal citations thereon, on or before October 1, 2007.

3. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before October 8, 2007.

4. Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

5. Each party shall submit a sufficient number of copies of exhibits for each of the jurors and opposing counsel.

6. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

7. All deadlines not otherwise affected by this order will remain as set forth by previous orders of the court.

8. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the Court.

DONE this 1st day of October, 2007.

                                              /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE