```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

UNITED STATES OF AMERICA,       :
                                :
         PLAINTIFF,              :
                                :
    v.                          :    CIVIL ACTION NO. 2:06cv736-WKW
                                :
SEVENTY FOUR THOUSAND SEVEN     :
HUNDRED ($74,700) DOLLARS IN    :
UNITED STATES CURRENCY,         :
                                :
         DEFENDANT.              :

                        MOTION IN LIMINE

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and moves the Court to bar Claimant George Edward Jones, III (Claimant) from testifying at trial of this matter and as grounds therefor states as follows:

    1.    Claimant was deposed on April 16, 2007. During the deposition Claimant asserted his rights (under the Fifth Amendment to the United States Constitution) against self-incrimination as to all questions of substance. See attached copy of deposition.

    2.    Claimant had a right to assert his Fifth Amendment privilege when asked to produce documents concerning his income. United States v. Two Parcels of Real Property Located in Russell County, Ala., 92 F.3d 1123, 1129 (11th Cir. 1996)(citations omitted). It is well-accepted that a witness' direct testimony can be stricken if she [or he] invokes the fifth amendment on cross-examination to shield that testimony from scrutiny." United States v. Two Parcels Property Located at 2730 Highway 31 Jemison, Chilton County, Ala., 909 F.Supp.

1450, 1456 (M.D.Ala. 1995)(citations omitted)." "A party who asserts the privilege may not convert [it] from the shield against compulsory self-incrimination which it was intended to be into a sword..." Arango v. U.S. Dept. of the Treasury, 115 F.3d 922, 926 (11th Cir. 1997)(quoting United States v. Rylander, 460 U.S. 752, 758-59, 103 S.Ct. 1548, 1553, 75 L.Ed.2d 521 (1983); see also United States v. $110,873.00 in United States Currency, 2004 U.S. Dist. LEXIS 28891, 2004 WL 2359726 (N.D.Ohio Oct. 6, 2004)("Once invoked in response to a discovery request, a forfeiture claimant cannot testify at trial or oppose the government's motion for summary judgment through affidavits." (citation omitted); Pedrina v. Chun, 906 F.Supp. 1377, 1398 (D.Hawaii 1995), aff'd. 97 F.3d 1296 (9th Cir. 1996), cert denied, 520 U.S. 1968, 1175 S.Ct. 2441, 138 L.Ed.2d 201 (1997)("Defendants may not rely on their own testimony or affidavits to support their version of a disputed issue where they have asserted their Fifth Amendment right not to answer questions concerning that very same issue." (citation omitted); U.S. v. Sixty Thousand Dollars ($60,000) in U.S. Currency, 763 F.Supp. 909, 914 (E.D.Mich. 1991)("A defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial." (citation omitted).

United States v. One 1991 Chevrolet Corvette, 390 F.Supp.2d 1059, 1063-1064 (S.D.Ala. 2005).

3. Claimant should not be allowed to use this privilege as a sword to attack the United States' evidence when he did not allow the normal discovery process to proceed. The Court should bar his testimony.

Respectfully submitted this 3rd day of October, 2007.

```
                    FOR THE UNITED STATES ATTORNEY
                         LEURA G. CANARY



                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Office of the United States Attorney
                    Middle District of Alabama
                    131 Clayton Street
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560
                    E-mail: John.Harmon@usdoj.gov
```

CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2007, I electronically filed the foregoing Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox.**

```
                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
```

```
 1              IN THE UNITED STATES DISTRICT COURT
 2             FOR THE MIDDLE DISTRICT OF ALABAMA
 3                       NORTHERN DIVISION
 4
 5    CIVIL ACTION NUMBER
 6    2:06cv736-WKW
 7
 8    UNITED STATES OF AMERICA,
 9          GOVERNMENT(S),
10    vs.
11    SEVENTY FOUR THOUSAND SEVEN
      HUNDRED ($74,700) DOLLARS IN
12    UNITED STATES CURRENCY,
13          Defendant(s).
14
15
16
17              DEPOSITION TESTIMONY OF:
18                     GEORGE JONES
19
20
21    April 16, 2007
22    2 PM
23    SELAH M. DRYER, CSR
```

```
                                              1
     IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF ALABAMA
                 NORTHERN DIVISION


 CIVIL ACTION NUMBER
 2:06cv736-WKW


 UNITED STATES OF AMERICA,
     GOVERNMENT(S),
 vs.
 SEVENTY FOUR THOUSAND SEVEN
 HUNDRED ($74,700) DOLLARS IN
 UNITED STATES CURRENCY,
     Defendant(s).




            DEPOSITION TESTIMONY OF:
                  GEORGE JONES



 April 16, 2007
 2 PM
 SELAH M. DRYER, CSR
```

```
                                              2
                S T I P U L A T I O N
     IT IS STIPULATED AND AGREED by and
 between the parties through their respective
 counsel that the deposition of GEORGE JONES, may
 be taken before Selah M. Dryer, Notary Public,
 State at Large, at the law office(s) of United
 States Attorney, One Court Square, Suite 201,
 Montgomery, Alabama  36104, on April 16, 2007,
 commencing at approximately 2 PM.
     IT IS FURTHER STIPULATED AND AGREED
 that the signature to and the reading of the
 deposition by the witness is not waived, the
 deposition to have the same force and effect as
 if full compliance had been had with all laws
 and rules of Court relating to the taking of
 depositions.
     IT IS FURTHER STIPULATED AND AGREED
 that it shall not be necessary for any
 objections to be made by counsel to any
 questions, except as to form or leading
 questions, and that counsel for the parties may
 make objections and assign grounds at the time
 of trial or at the time said deposition is
```

```
                                              3
 offered in evidence, or prior thereto.
     In accordance with Rule
 5(d) of the Alabama Rules of Civil Procedure, as
 amended, effective May 15, 19:88, I, Selah M.
 Dryer, am hereby delivering to John T. Harmon,
 Esq. the original transcript of the oral
 testimony taken April 16, 2007, along with
 exhibits.
     Please be advised that this is the same
 and not retained by the Court Reporter, nor
 filed with the Court.
```

```
                                              4
            INSTRUCTIONS TO THE WITNESS


     PLEASE READ YOUR DEPOSITION OVER
 CAREFULLY BEFORE YOU SIGN IT.  YOU SHOULD MAKE
 ALL OF YOUR CHANGES ON THE ATTACHED ERRATA
 SHEET.  PLEASE DO NOT MARK ON THE ORIGINAL
 DEPOSITION.
     AFTER MAKING ANY CHANGES WHICH YOU HAVE
 NOTED ON THE ATTACHED ERRATA SHEET, SIGN YOUR
 NAME ON THE ERRATA SHEET AND DATE IT.
     THEN SIGN YOUR DEPOSITION AT THE END OF
 YOUR TESTIMONY IN THE SPACE PROVIDED.  YOU ARE
 SIGNING IT SUBJECT TO THE CHANGES YOU HAVE MADE
 ON THE ERRATA SHEET, WHICH WILL BE ATTACHED TO
 THE DEPOSITION.
     RETURN THE ORIGINAL ERRATA SHEET AND
 TRANSCRIPT TO SELAH DRYER COURT REPORTING
 SERVICES, 2818 NEWPORT ROAD, MONTGOMERY, ALABAMA
 36111.
     ACCORDING TO RULES OF CIVIL PROCEDURE,
 YOU WILL HAVE THIRTY (30) DAYS FROM THE DATE YOU
 RECEIVED THIS DEPOSITION IN WHICH TO READ, SIGN
 AND RETURN YOUR DEPOSITION TO THE ABOVE OFFICE.
```

```
                                          5
 1  IF YOU FAIL TO DO SO, YOU AUTOMATICALLY WAIVE
 2  YOUR RIGHT TO MAKE ANY CORRECTIONS TO YOUR
 3  DEPOSITION.
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
```

```
                                          7
 1  PAGE    LINE              EXPLANATION
 2  _____
 3  _____
 4  _____
 5  _____
 6  _____
 7  _____
 8  _____
 9  _____
10  _____
11  _____
12  _____
13  _____
14  _____
15  _____
16  _____
17  _____
18  _____
19  DEPONENT'S SIGNATURE        DATE
20
21  _____        _____
22
23
```

```
                                          6
 1              SIGNATURE PAGE
 2                    OF
 3               GEORGE JONES
 4
 5
 6       I HEREBY ACKNOWLEDGE THAT I HAVE
 7  READ THE FOREGOING DEPOSITION AND THAT THE SAME
 8  IS A TRUE AND CORRECT TRANSCRIPTION OF THE
 9  ANSWERS GIVEN BY ME TO THE QUESTIONS PROPOUNDED,
10  EXCEPT FOR THE CHANGES, IF ANY, NOTED ON THE
11  ATTACHED ERRATA SHEET.
12
13
14
15
16
17
18
19
20  SIGNATURE: _____
21
22  DATE: _____
23
```

```
                                              
 1                     I N D E X
 2  EXAMINATION BY:                    PAGE NO.
 3  Mr. Harmon                            12
 4  Certificate                           28
 5
 6                  INDEX OF EXHIBITS
 7  EXHIBITS                            PAGE NO.
 8  GOVERNMENT(S) 1                        20
 9  GOVERNMENT(S) 2                        21
10  GOVERNMENT(S) 3                        21
11  GOVERNMENT(S) 4                        22
12  GOVERNMENT(S) 5                        22
13  GOVERNMENT(S) 6                        23
14
15
16
17
18
19
20
21
22
23
```

## Page 9

APPEARANCES

FOR THE GOVERNMENT(S):

    John T. Harmon,
       Assistant United States Attorney
    OFFICE OF THE UNITED STATES
       ATTORNEY MIDDLE DISTRICT OF ALABAMA
    One Court Square
    Suite 201
    Montgomery, Alabama 36104

FOR THE DEFENDANT(S):

    Bruce Maddox, Esq.
    6728 Taylor Court
    Montgomery, Alabama 36117

## Page 10

I, Selah M. Dryer, a Notary Public for the State of Alabama at Large, acting as Commissioner, certify that on this date, pursuant to the Alabama Rules of Civil Procedure, and the foregoing stipulation of counsel, there came before me at the law office(s) of United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104, commencing at approximately 2 PM on April 16, 2007, GEORGE JONES, witness in the above cause, for oral examination, whereupon the following proceedings were had:

          GEORGE JONES,
being first duly sworn, was examined and testified as follows:

       COURT REPORTER: Usual stipulations?

       MR. MADDOX: No, read and sign. When we say Fifth Amendment this document that I have given a copy to the court reporter which is styled essentially Assertion of Fifth

## Page 11

Amendment Privilege by George Jones says I am currently charged in a criminal case in the Circuit Court of Montgomery County relating to the facts surrounding this case. This forfeiture case is also a punitive action. Because an answer, partial answer, or statement taken out of context may affect my rights under the Fifth Amendment or otherwise might tend to incriminate me, I respectfully choose to rely on those rights and decline to answer that question. And we will for purposes for this deposition simply say Fifth or Fifth Amendment and we will refer to that statement in its entirety by doing so.

       MR. HARMON: I agree with that. That will shorten things and a good way to do that.

       MR. MADDOX: Yes.

       MR. HARMON: I'm assuming you will let Mr. Jones answer some preliminary questions like name and address, and things like that.

       MR. MADDOX: Sure.

## Page 12

EXAMINATION BY MR. HARMON:

    Q. Sir, will you state your name, please.

    A. George Edward Jones.

    Q. Mr. Jones, my name is John Harmon, I haven't introduced myself yet. I'm Assistant US Attorney and I represent the United States in this case, which is United States of America versus Seventy Four Thousand Seven Hundred Dollars and it is Court Number 2:06cv736-WKW. I'll ask you, sir, are you the same George Jones that filed a claim and answer in this case?

    A. Yes.

    Q. I believe it showed you as being George Jones, Junior. Are you a Junior?

    A. Third.

    Q. You are a third?

    A. Yes.

       MR. MADDOX: You are doing good.

       MR. HARMON: What?

       MR. MADDOX: He can't see me to see -- you will see me doing that sometimes.

13

1    MR. HARMON: I understand.
2    Q. (Mr. Harmon) The reason I was
3 asking that, Mr. Jones, was your claim says my
4 name is George E. Jones, Jr. But in fact even
5 though you said you are George E. Jones the
6 Third, when you asserted your claim you signed
7 it George E. Jones, Jr. But you are one and the
8 same as junior and the third?
9    MR. MADDOX: I suspect that is
10 a clerical error at my office that he didn't
11 notice and I didn't notice either.
12    MR. HARMON: This is only for
13 the purpose to make sure that he is the one that
14 did that.
15    MR. MADDOX: You signed the
16 claim in this case, right?
17    THE DEPONENT: I ain't sign no
18 junior.
19    Q. (Mr. Harmon) If you would, look
20 at this. This is a claim that was submitted by
21 you. Is that your signature?
22    A. Yes, sir.
23    Q. That's good enough for me. I just

14

1 want to make sure and I just wanted to make sure
2 it was identified. What's your current address?
3    A. 5304 W. Shades Valley Drive.
4    Q. And that would be West Shades
5 Valley Drive?
6    A. Yes, sir.
7    Q. In what city is that located,
8 please?
9    A. Montgomery, Alabama.
10    Q. What's your age, sir?
11    A. 29.
12    Q. Do you have your Alabama driver's
13 license with you?
14    A. No, sir.
15    Q. Would you mind giving me your
16 Social Security Number, please, sir.
17    A. 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.
18    Q. Are you currently employed,
19 Mr. Jones?
20    MR. MADDOX: Don't answer
21 that. We are asserting the Fifth Amendment as
22 to that.
23    MR. HARMON: Okay.

15

1    Q. (Mr. Harmon) Do you know an
2 individual named Otis Jones?
3    A. Yes, sir.
4    Q. Is he a relative of yours?
5    A. No, sir.
6    Q. You have the same last name, but
7 he's not a relative?
8    A. Huh-uh, no.
9    Q. I'm going to direct your
10 attention, sir, to March the 31st of 2006. Were
11 you present on that date at 5304 West Shades
12 Valley Drive in Montgomery?
13    MR. MADDOX: We are going to
14 assert the Fifth on that.
15    Q. (Mr. Harmon) Mr. Jones, as long
16 as your attorney asserts it, you are agreeing
17 with his assertion of the Fifth Amendment; is
18 that correct?
19    A. Yes, sir.
20    Q. That's fine with me.
21    MR. MADDOX: And we are doing
22 that in part because of the difficulty of
23 communication back and forth because of his

16

1 visual impairment.
2    MR. HARMON: I understand.
3    Q. (Mr. Harmon) I will note for the
4 record and not to embarrass you, Mr. Jones, but
5 you are wearing an eye patch over your left
6 eye. Are you blind in that eye?
7    A. Yes, sir.
8    Q. Was anyone else present with you
9 at 5304 West Shades Valley Drive in Montgomery
10 on that date?
11    MR. MADDOX: Besides objecting
12 to that assuming the fact not in evidence, we
13 assert the Fifth. I'm having a little fun with
14 you.
15    MR. HARMON: I understand.
16    Q. (Mr. Harmon) Were you aware of
17 any person other than yourself being at 5304
18 West Shades Valley Drive, Montgomery, Alabama on
19 March the 31st of 2006?
20    MR. MADDOX: Fifth Amendment.
21    Q. (Mr. Harmon) Mr. Jones, were
22 approached by officers on March 31st of 2006 at
23 or about the area known as 5304 West Shades

17

1  Valley Drive, Montgomery, Alabama?
2           MR. MADDOX: Fifth Amendment.
3  If it saves you any time, we are not going to
4  talk about anything that happened that day.
5           HARMON: I understand.
6  I've got to go through and ask the individual
7  questions.
8           MR. MADDOX: I know.
9      Q.   (Mr. Harmon) Did you flee from
10 police officers on that date?
11          MR. MADDOX: Fifth.
12     Q.   (Mr. Harmon) Were you present
13 when police officers executed a search warrant
14 on 5304 West Shades Valley Drive in Montgomery
15 on that date?
16          MR. MADDOX: Fifth.
17     Q.   (Mr. Harmon) Did police officers
18 find the Defendant's currency in the residence
19 at 5304 West Shades Valley Drive in Montgomery,
20 Alabama in the amount of seventy four thousand
21 seven hundred dollars on March the 31st, 2006?
22          MR. MADDOX: Fifth.
23     Q.   (Mr. Harmon) Did police officers

18

1  find cocaine in the residence at 5304 West
2  Shades Valley Drive in Montgomery on March 31st,
3  2006?
4           MR. MADDOX: Fifth.
5      Q.   (Mr. Harmon) Additionally, was
6  cocaine located in a truck that was physically
7  on the residence or lot thereof at 5304 West
8  Shades Valley Drive on March 31st, 2006?
9      A.   I don't know.
10     Q.   Did you make any statements to the
11 police officers at that time?
12          MR. MADDOX: Fifth.
13     Q.   (Mr. Harmon) Did you in fact tell
14 police officers when asked about the money that
15 you stated: We all know what's going on, it's
16 dope money?
17          MR. MADDOX: Fifth.
18     Q.   (Mr. Harmon) Did the police
19 officers find loaded weapons on that date March
20 the 31st, 2006 at the property known as 5304
21 West Shades Valley Drive, Montgomery, Alabama?
22          MR. MADDOX: Fifth.
23     Q.   (Mr. Harmon) Was in fact the

19

1  Defendant's currency found in the bedroom you
2  occupied at the residence known as 5304 West
3  Shades Valley Drive in Montgomery, Alabama on
4  March 31st, 2006?
5           MR. MADDOX: Fifth. If you
6  have all of your questions written out, I'll
7  tell you which ones we are going to answer and
8  we will attach it.
9           MR. HARMON: I never write
10 them out, Bruce.
11     Q.   (Mr. Harmon) Did officers recover
12 plastic packaging, which contained cocaine
13 residue under the bed in your bedroom at 5304
14 West Shades Valley Drive, Montgomery, Alabama on
15 March the 31st, 2006?
16          MR. MADDOX: Fifth.
17     Q.   (Mr. Harmon) Mr. Jones, I'm going
18 to show you --
19          MR. HARMON: Bruce, I made you
20 a copy. This was probably also serve for
21 discovery. These are some pictures. I'm going
22 to ask, Bruce, that these be attached to the
23 deposition.

20

1           MR. MADDOX: That's fine.
2      Q.   (Mr. Harmon) I'm going to ask
3  you, if you will Mr. Jones, look at what's been
4  marked for identification purposes as Government
5  Exhibit No. 1.
6           (WHEREUPON, a picture was
7           marked as Government's Exhibit No.
8           1 and is attached to the original
9           transcript.)
10          MR. MADDOX: Is that the
11 entire collection or just one picture?
12          MR. HARMON: Government
13 Exhibit No. 1 is the first picture.
14          MR. MADDOX: I got you.
15     Q.   (Mr. Harmon) I'll ask you, sir,
16 is that a picture of currency that was seized
17 from your residence at 5304 West Shades Valley
18 Drive, Montgomery Alabama on March the 31st of
19 2006?
20          MR. MADDOX: Fifth.
21     Q.   (Mr. Harmon) I ask you, sir, to
22 look at Government's Exhibit No. 2. It's a
23 photograph of plastic material and I ask you if

21

1  this material was recovered from your residence
2  at 5304 West Shades Valley Drive in Montgomery,
3  Alabama on March the 31st, 2006?
4         (WHEREUPON, a picture was marked
5         as Government's Exhibit No. 2 and
6         is attached to the original
7         transcript.)
8         MR. MADDOX: Fifth.
9    Q.  (Mr. Harmon) I'd ask you also to
10 take a look at Government's Exhibit No. 3, which
11 shows a roughneck storage container and a
12 plastic baggy and other items, and ask you if
13 this item was recovered by police officers at
14 your residence at 5304 West Shades Valley Drive
15 in Montgomery on March 31st, 2006?
16        (WHEREUPON, a picture was marked
17        as Government's Exhibit No. 3 and
18        is attached to the original
19        transcript.)
20        MR. MADDOX: Fifth.
21   Q.  (Mr. Harmon) I'd ask you to look,
22 sir, at Government's Exhibit No. 4, which is a
23 picture of various bundles of currency and ask

22

1  you if this was the currency that was recovered
2  by police officers at your residence at 5304
3  West Shades Valley Drive in Montgomery on March
4  the 31st, 2006?
5         (WHEREUPON, a picture was marked
6         as Government's Exhibit No. 4 and
7         is attached to the original
8         transcript.)
9         MR. MADDOX: Fifth.
10   Q.  (Mr. Harmon) I further ask you to
11 look at Government's Exhibit No. 5, which is
12 again plastic material and ask you if these
13 items as depicted therein were recovered by
14 police officers at 5304 West Shades Valley Drive
15 in Montgomery, Alabama on March the 31st of
16 2006?
17        (WHEREUPON, a document was
18        marked as Government's Exhibit No.
19        5 and is attached to the original
20        transcript.)
21        MR. MADDOX: Fifth.
22   Q.  (Mr. Harmon) And the last picture
23 is Government's Exhibit No. 6, which is a

23

1  picture of a bag with a currency protruding
2  very, very minutely there from by a bed and ask
3  you if this item was recovered by a police
4  officers at your residence at 5304 West Shades
5  Valley Drive in Montgomery, Alabama on March the
6  31st, 2006?
7         (WHEREUPON, a picture was marked
8         as Government's Exhibit No. 6 and
9         is attached to the original
10        transcript.)
11        MR. MADDOX: Fifth.
12   Q.  (Mr. Harmon) Mr. Jones, I ask you
13 this question: Was the Defendant's currency
14 obtained as a result of a sale of illegal drugs?
15        MR. MADDOX: What?
16        MR. HARMON: I asked was the
17 Defendant's currency obtained by him as a result
18 of the sale of illegal drugs.
19        MR. MADDOX: Fifth.
20   Q.  (Mr. Harmon) I ask you, sir, have
21 you ever sold any illegal drugs, Mr. Jones?
22        MR. MADDOX: Fifth.
23   Q.  (Mr. Harmon) Have you ever

24

1  possessed any illegal drugs with intent to sell
2  these drugs?
3         MR. MADDOX: Fifth.
4    Q.  (Mr. Harmon) Have you ever
5  possessed a weapon to protect your property
6  obtained by drug sales or the drugs themselves?
7         MR. MADDOX: Fifth.
8    Q.  (Mr. Harmon) Have you ever kept
9  any illegal drugs at the residence at 5304 West
10 Shades Valley Drive in Montgomery, Alabama?
11        MR. MADDOX: Fifth.
12   Q.  (Mr. Harmon) Have you ever sold
13 any drugs at the residence at 5304 West Shades
14 Valley Drive in Montgomery, Alabama?
15        MR. MADDOX: Fifth.
16   Q.  (Mr. Harmon) Have you ever
17 possessed with the intent to distribute any
18 illegal drugs at the residence at 5304 West
19 Shades Drive in Montgomery, Alabama?
20        MR. MADDOX: Fifth. Haven't
21 you already asked that one?
22        MR. HARMON: I don't know.
23        MR. MADDOX: Okay, go ahead.

25

1  MR. HARMON: Bruce, I did I
2 guess I could ask you this: You indicated in
3 your statements that he currently has a case
4 pending?
5  MR. MADDOX: Uh-huh.
6  MR. HARMON: And this would be
7 a State Felony Charge in Circuit Court in
8 Montgomery?
9  MR. MADDOX: Uh-huh.
10  MR. HARMON: Can I ask him
11 about any prior drug arrests unrelated to this?
12  MR. MADDOX: Huh-uh.
13  MR. HARMON: I'll ask him and
14 you can assert the Fifth.
15  MR. MADDOX: Go ahead.
16  Q. (Mr. Harmon) Other than the
17 arrest on the current criminal case you have in
18 the Circuit Court in Montgomery, Alabama, have
19 you ever been arrested for a drug offense?
20  MR. MADDOX: Fifth.
21  Q. (Mr. Harmon) Have you ever been
22 convicted of a felony offense involving the sale
23 of illegal drugs?

26

1  MR. MADDOX: Fifth.
2  Q. (Mr. Harmon) Have you ever been
3 convicted of a misdemeanor offense involving the
4 sale of illegal drugs?
5  MR. MADDOX: Fifth.
6  Q. (Mr. Harmon) Have you ever been
7 convicted of a misdemeanor offense involving
8 possession of illegal drugs?
9  MR. MADDOX: Fifth. And by
10 the way, there is no misdemeanor involving the
11 sale of illegal drugs, as you well know.
12  MR. HARMON: Actually Bruce, I
13 don't know State that well.
14  MR. MADDOX: Weren't you an
15 Assistant Attorney General for the State of
16 Alabama?
17  MR. HARMON: Yeah, but that
18 was with the Department of Corrections,
19 though -- we just kept them in jail, we didn't
20 put them in.
21  Q. (Mr. Harmon) Have you ever been
22 convicted of a misdemeanor offense involving the
23 possession of drug paraphernalia?

27

1  MR. MADDOX: Fifth.
2  Q. (Mr. Harmon) Can you tell me any
3 legitimate source for these seized funds in the
4 amount of seventy four thousand seven hundred
5 dollars?
6  MR. MADDOX: Fifth.
7  MR. HARMON: Okay.
8  ******************
9  2:24 PM
10  FURTHER DEPONENT SAITH NOT

28

C E R T I F I C A T E

STATE OF ALABAMA )
MONTGOMERY COUNTY )

I hereby certify that the above and foregoing deposition was taken down by me in stenotype, and the questions and answers thereto were transcribed by means of computer-aided transcription, and that the foregoing represents a true and correct transcript of the deposition given by said witness upon said hearing.

I further certify that I am neither of counsel nor of kin to the parties to the action, nor am I in anywise interested in the result of said cause.

SELAH M. DRYER, CSR

My Commission Expires
June 30, 2010