```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          PLAINTIFF,            )
                               )
     v.                        )    CIVIL ACTION NO. 2:06cv736-WKW
                               )
SEVENTY FOUR THOUSAND SEVEN    )
HUNDRED ($74,700) DOLLARS IN   )
UNITED STATES CURRENCY,        )
                               )
          DEFENDANT.            )
```

UNITED STATES OF AMERICA'S TRIAL BRIEF

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby submits the United States of America's Trial Brief:

I.   BURDEN OF PROOF

The government's burden of proof in forfeiture cases is the same as all civil cases: preponderance of the evidence. See 18 U.S.C. § 983 (c)(1).

Under CAFRA, with respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, an "innocent owner" is an owner who did not know of the illegal conduct giving rise to forfeiture or an owner who, upon learning of this illegal conduct did all that could reasonable be expected under the circumstances to terminate such illegal use. See 18 U.S.C. § 983(d)(2)(A)(i) and (ii).

In this case, the burden of proof is upon the United States by a preponderance of the evidence to show that the property at issue

is subject to forfeiture. See 18 U.S.C. § 983(c). However, the claimant has the burden of establishing the innocent owner defense should such a defense be asserted. See 18 U.S.C. § 983(d).

## II. LAW

A. Forfeiture of Defendant Cash.

That currency is substantially connected with an illegal drug exchange may be established by either direct or circumstantial evidence. Even without direct evidence, however, cash has consistently been found forfeitable as exchange money or proceeds when it is discovered in large amounts along with other indicia of related illegal activity, such as drugs. United States v. $93,685.61 in U.S. Currency, 730 F.2d 571, 572 (9th Cir. 1984) cert. denied sub nom., Willis v. United States, 469 U.S. 831 (1984). Circumstantial evidence of drug transactions is sufficient to support the establishment of probable cause in a forfeiture proceeding. Id., citing United States v. $364,960.00 in United States Currency, 661 F.2d 319, 324-325 (5th Cir. 1981). The United States need not trace the money or property to specific transactions. United States v. $41,305.00 in United States Currency, 802 F.2d 1339, 1343 (11th Cir. 1986); United States v. Four Million, Two Hundred Fifty-Five Thousand, 762 F.2d 895 (11th Cir. 1985). See also United States v. One 1987 Mercedes 560 SE, 919 F.2d 327, 331 (5th Cir. 1990).

To establish a case, the United States must only show that the Defendant currency was probably derived from illegal drug transactions. The United States may make such a showing by

introducing evidence of narcotics trafficking and income derived therefrom, and evidence tending to show a lack of legitimate income sufficient to purchase the property. All that is required is that a court be able to look at the aggregate of the facts and find reasonable ground that the property probably was derived from drug transactions. See United States v. Parcels of Land, 903 F.2d 36 (1st Cir. 1990), cert. denied, 111 S.Ct. 289 (1990). See also $41,305.00, 802 F.2d at 1343; Four Million, Two Hundred Fifty-Five Thousand, 762 F.2d at 904.[1]

    B.    Innocent Owner.

The claimant, should he assert this defense, has the burden to establish this defense by a preponderance. See Part I. above.

A claimant attempting to establish an innocent owner defense must establish his financial transactions. United States v. $41,305, 802 F.2d 1339, 1345 (11th Cir. 1986).

The person who committed the offense cannot be an innocent owner. United States v. Six Negotiable Checks, 207 F.Supp.2d 677 (E.D.Mich. 2002).

---

[1] Many of these cases are discussing the establishment of the original "probable cause" standard. Of course, the higher "preponderance" standard applies to the United States' burden in this case. However, these cases still establish the requirements to meet the United States' burden at the higher level. See U.S. v. $22,991.00, More or Less, in U.S. Currency, 227 F.Supp. 1220 (S.D.Ala. 2002) (Dog sniff, quantity of currency, history as drug user/dealer and presence of drugs sufficient to establish forfeitability by preponderance.)

Respectfully submitted this 9th day of October, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing Trial Brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox.**

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney