### IN THE UNITED STATES DISTRICT COURT FOR
### THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| | * |
| v. | *   **CIVIL ACTION NO. 2:06cv736-WKW** |
| | * |
| **SEVENTY-FOUR THOUSAND SEVEN** | * |
| **HUNDRED DOLLARS ($74,700)** | * |
| **IN UNITED STATES CURRENCY,** | * |

### FINAL TRIAL BRIEF

Comes now the Claimant George E. Jones, Jr., by and through counsel, and submits his Final Trial Brief:

### FACTS

The facts are stipulated as those adduced at the hearing of Claimant's Motion to Suppress. Claimant has filed concurrently herewith his Motion to Strike hearsay (which, though admissible at Motion to Suppress, are inadmissible for trial). Claimant has offered no facts to assert an innocent owner defense.

### BURDEN OF PROOF

Whether the government has met the burden of proof. Here, Claimant contends that such as not been met by admissible evidence and Claimant relies significantly on his Motion to Suppress, contending that it should have been granted. In the absence of the evidence that Claimant sought to suppress, the burden could not have been met. Claimant relies on the legal and factual arguments submitted on Motion to Suppress previously submitted and incorporated herein by reference.

Claimant also contends that, even with the denial of the Motion to Suppress, the government's burden of establishing that the money is subject to forfeiture has not met. The government has shown no basis, other than the mere presence of drugs in the house and/or on the person of Claimant, to believe that the money was not honestly earned by

Claimant through honest employment.

## CONCLUSION

The "document search warrant" was based neither upon probable cause nor full disclosure to the magistrate of pertinent facts. The fact of the search warrant's issuance under those circumstances, and the testimony of officer that they always get the same warrant, plus the general nature of the warrant, prove a "rubber stamp" magistrate. As a search warrant lacking in particularity and leaving all decisions to the executing officers, the "document search warrant" was a constitutionally intolerable general warrant. The warrant, if served at all, was improperly served. As a result of these facts, the "drug search warrant" must also be invalid as fruit of the poisonous tree, and all items seized and sought to be used as evidence by the government should be suppressed.

Respectfully submitted this 29th day of October, 2007.

s/Bruce Maddox
Bruce Maddox (MAD013)
Attorney for George Jones
6728 Taylor Court
Montgomery, Alabama 36117
Phone: (334) 244-7333
Fax: (334) 260-9600

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to appropriate parties.

s/Bruce Maddox
Of Counsel