```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                   NORTHERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
         PLAINTIFF,             )
                               )
    v.                         )   CIVIL ACTION NO. 2:06cv736-WKW
                               )
SEVENTY FOUR THOUSAND SEVEN    )
HUNDRED ($74,700) DOLLARS IN   )
UNITED STATES CURRENCY,        )
                               )
         DEFENDANT.             )
```

## RESPONSE TO CLAIMANT'S MOTION TO STRIKE

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby submits the following:

1. The United States concurs with the Claimant that the Rules of Evidence are applicable at a civil forfeiture trial. Accordingly, hearsay would generally be inadmissible on the ultimate issue of forfeitability.

2. The Claimant seeks only to strike "the affidavit for search warrant and all references thereto, from the hearing on Motion to Suppress". At the suppression hearing an affidavit for the first search warrant was admitted without objection. See p.6, lines 5 through 15, transcript of hearing. Also admitted upon motion of the Claimant was the inventory for the first search warrant. See p.37, lines 15 through 25, transcript of hearing; and p.38, lines 1 through 16, transcript of hearing. The second search warrant was also admitted but no mention is made if the supporting

affidavit was attached or admitted at the same time. See p.10, lines 10 through 17, transcript of hearing.

    3. The Claimant's motion is not specific enough to allow the United States to determine exactly what the Claimant seeks to suppress. Particularly troubling is the request to strike "all references to" the affidavit. Such a generalized motion leaves the United States (and the Court) in a position of having to review large portions of the transcript in order to determine if it contains references to unspecified hearsay in an affidavit. Additionally, some of the affidavit and references thereto may not be hearsay or may be subject to a hearsay exception under the Rules of Evidence.

    4. Because the Claimant fails to frame his objections and motion to strike in a manner which allows the United States and the Court to determine the basis, applicability, extent and legal soundness of the same, the United States urges the Court to deny the motion. Alternatively, the United States moves the Court to require the Claimant to more specifically state the portions of the affidavit and transcript which are the subject of his objections and the basis for the specific objection.

    Respectfully submitted this 29th day of November, 2007.

                FOR THE UNITED STATES ATTORNEY
                    LEURA G. CANARY

        /s/John T. Harmon
        John T. Harmon
        Assistant United States Attorney
        Office of the United States Attorney
        Middle District of Alabama
        One Court Square, Suite 201 (36104)
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        Telephone:(334) 223-7280
        Facsimile:(334) 223-7560
        E-mail: John.Harmon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox.**

        /s/John T. Harmon
        John T. Harmon
        Assistant United States Attorney