IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-0736-WKW |
| ) | |
| SEVENTY-FOUR THOUSAND SEVEN ) | |
| HUNDRED DOLLARS ($74,700) ) | |
| IN UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the submission of trial briefs by the parties and a stipulation for the court to decide the case on its merits on the basis of the evidence presented at a hearing held September 6, 2007. After carefully reviewing the submissions of the parties, the court finds, for the reasons set forth below, that the defendant currency is due to be forfeited to the United States.

**I. FACTS AND PROCEDURAL HISTORY**

During March 2006, the Montgomery Police Department received information regarding George E. Jones, Jr. (hereinafter "Claimant"), and his alleged drug activities. Surveillance was established at the Claimant's residence at 5304 West Shades Valley Drive, Montgomery, Alabama (hereinafter "the residence"). (Mot. Hr'g Tr. 6.) On the morning of March 31, 2006, while watching the residence, Sergeant Vanessa Wright observed a female leave the house. Subsequently, she observed a male pull into the residence's driveway in a

pickup truck, exit the vehicle, and enter the residence. (*Id.*) Later that morning, at 8:40 a.m., a document search warrant was issued by the municipal court. Once Sergeant Wright became aware of the issuance of the search warrant, she alerted other officers that they could approach the residence. (*Id.* at 7.) Subsequently, Lieutenant Crockett and Corporal Shon Wright arrived at the residence. Claimant and Otis Jones, driver of the pickup truck, were in the front yard. As Lieutenant Crockett and Corporal Wright approached the pickup truck, Claimant fled. The two officers chased Claimant into the residence's backyard and over the back fence. (*Id.* at 43.) While in pursuit, Claimant reached into his pocket and threw down a clear plastic bag containing a white powdery substance. (*Id.* at 44.) Forensic tests later conducted upon the contents of the bag determined the substance to be cocaine. (Doc. # 41-2.) The chase lasted less than two minutes before Claimant was taken into custody. (Mot. Hr'g Tr. 45.) While the other two officers were attending to Claimant, Sergeant Wright took Otis Jones into custody for officer safety and approached the residence. Other officers arrived at the residence to conduct a preliminary search for any additional subjects in the house. During the preliminary search, Officer Wheeler noted a large quantity of currency in a paper bag located under the bed in a back bedroom. (*Id.* at 72.) A search of the pickup truck parked in the driveway produced two plastic bags of cocaine in a baseball cap, and a firearm. (Doc. # 15-3, at 10.)

After taking Claimant into custody, Lieutenant Crockett entered the residence to inform other officers that Claimant had discarded drugs during the chase. The officers

2

proceeded to get a second search warrant for drugs, which was issued at 11:25 a.m. (Doc. # 15-3, at 11-12.) Once that search warrant was obtained, a more thorough search of the residence revealed a plastic bag containing cocaine underneath a bathroom sink. (Mot. Hr'g Tr. 76.)

On August 15, 2006, the United States of America filed a complaint of forfeiture pursuant to 21 U.S.C. § 881(6)(a), alleging that the seventy-four thousand seven hundred dollars ($74,700) in United States currency (herein "defendant currency") found at the residence constituted monies furnished, or intended to be furnished, in exchange for controlled substances, or represented the proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. §§ 801 *et seq*. Subsequently, Claimant filed a claim and an answer asserting his lawful ownership of the defendant currency. (Docs. # 6 & # 7.)

Claimant filed a motion to suppress certain evidence and statements arising out of his arrest, search of his residence, and subsequent interrogation. (Doc. # 15.) The court held a hearing on the motion to suppress on September 6, 2007. At the hearing, the government introduced pictures of items recovered during the search, the warrants, and testimony of participating officers. Claimant offered no evidence and failed to challenge in any way the probable cause determination of either warrant. Moreover, Claimant did not offer or identify evidence in support of his contentions that the warrants were vague, overbroad, or lacking in sufficient descriptiveness. Based upon the evidence presented at the hearing, the court

found probable cause existed for the warrants; that the warrants were not overbroad, vague, or lacking in descriptiveness; and that the results of the search, including statements following the arrest of Claimant, were not due to be suppressed. Claimant's motion to suppress was denied. (Doc. # 28.) Upon resolution of the motion to suppress, the parties stipulated to submit the matter to the court for a decision based upon the transcript of the suppression hearing and the trial briefs. (Doc. # 38.) The parties have submitted their trial briefs (Docs. # 40 & # 41) and the case is now ripe for decision.[1]

## II. JURISDICTION

Jurisdiction is predicated on 28 U.S.C. § 1345 and § 1355. Venue is proper pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 881(j).

## III. DISCUSSION

*A.    Legal Standard*

The government brings this action pursuant to 21 U.S.C. § 881(a)(6). This section states that "all moneys . . . in exchange for a controlled substance . . . , all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate a violation of [the drug laws]" is "subject to forfeiture to the United States." 21 U.S.C. § 881(a)(6).

To carry its burden, the government must "establish, by a preponderance of the

---

[1] Claimant filed a Motion to Strike From Consideration on Trial by Stipulation (Doc. # 39), seeking to strike certain evidence from the court's consideration of the case on the merits; specifically, the claim seeks to strike "the affidavit for search warrant and all references thereto, from the [suppression] hearing" because "certain hearsay evidence . . . is inadmissible." (Doc. # 39.) The motion is due to be granted to the extent it asks the court to exclude inadmissible hearsay from consideration.

evidence, that the property is subject to forfeiture."[2] 18 U.S.C. § 983(c)(1). Where, as here, "the property was used to commit or facilitate . . . or was involved in the commission of a criminal offense," it must be proved that "a substantial connection between the property and the offense" exists. 18 U.S.C. § 983(c)(3). In proving a substantial connection, "[t]he government may use evidence gathered [before and] after the filing of the complaint," 18 U.S.C. § 1983(c)(2), and may introduce circumstantial evidence. *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1440 (11th Cir. 1991); *United States v. $22,991.00, More or Less, in U.S. Currency*, 227 F. Supp. 2d. 1220, 1231 (S.D. Ala. 2002). However, the government is not required to "connect the defendant currency to any particular drug transaction," or proffer evidence that "point[s] to drugs to the exclusion of all other theories." *United States v. $121,100 in U.S. Currency*, 999 F.2d 1503, 1508 (11th Cir. 1993) (internal quotation marks and citations omitted).

In evaluating the evidence, the court must apply a common sense view of the realities of normal life to the totality of the circumstances. *See United States v. Carrell*, 252 F.3d 1193, 1201 (11th Cir. 2001); *see also United States v. $433,980.00 in U.S. Currency*, 473 F. Supp. 2d 685, 690 (E.D.N.C. 2007) ("[I]t is not enough to point out possible problems with the separate factors underlying the Government's case, as all the evidence – both direct

---

[2] "The burden of showing something by a preponderance of the evidence, the most common standard in the civil law, simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before he may find in favor of the party who has the burden to persuade the judge of the fact's existence." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks and alterations omitted); *see also United States v $52,000.00, More or Less, in U.S. Currency*, 508 F. Supp. 2d 1036, 1039 (S.D. Ala. 2007).

and circumstantial – can and should be evaluated by the Court as a whole."). Courts have been cautioned in civil forfeiture proceedings "not to dissect strands of evidence as discrete and disconnected occurrences." *$22,991.00*, 227 F. Supp. 2d at 1235-36 (internal quotation marks and citation omitted). If the government carries its burden, the property will be forfeited unless the claimant proves by a preponderance of the evidence that he is an innocent owner in accordance with 18 U.S.C. § 983(d). *See United States v. Cleckler*, 270 F.3d 1331, 1334 (11th Cir. 2001).[3]

**B.     *Analysis***

The United States has carried its burden of proof, which warrants the forfeiture of the defendant currency. The totality of the circumstances persuades the court that a preponderance of the evidence exists to show that the defendant currency is subject to forfeiture. In this case, the Government argues that the following evidence makes it more likely than not that the $74,700 was substantially connected to drug trafficking: (1) the large amount of currency and cocaine found at the residence; (2) Claimant's possession of cocaine on his person; and (3) cocaine, a firearm, currency, and drug wrappings with drug residue found at the residence and in the pickup truck visiting the residence. The court concludes that the circumstances surrounding the discovery of the currency, including the presence of drugs, provides the critical nexus to drug trafficking. As derived from the court's findings of fact, the court addresses and weighs the legal significance of each of the factors below.

---

[3] Claimant has not asserted the innocent owner defense; thus, it is not applicable to the instant forfeiture.

1. **Defendant Currency**

During the March 31, 2006 incident giving rise to this forfeiture proceeding, law enforcement officials recovered $74,700 from Claimant's residence (Doc. # 15-3, at 10), an extraordinarily large amount of currency to be found in one's home. *United States v. $29,959.00 in U.S. Currency*, 931 F.2d 549, 553 (9th Cir. 1991) ("Cash amounting to $29,959.00 is an 'extremely large amount' to be kept in the home.") It is well-established under civil forfeiture law that the possession of large sums of currency is strong evidence of drug trafficking. *$242,484.00*, 389 F.3d at 1161; *$121,100.00*, 999 F.2d at 1507; *$52,000*, 508 F. Supp. 2d at 1044. The court finds this to be highly probative, though not dispositive, circumstantial evidence of a link between the defendant currency and illegal drug trafficking.

2. **Claimant's Discarded Cocaine**

It is undisputed fact that while being chased by two law enforcement officers, Claimant threw down a plastic bag containing cocaine. Claimant's possession of drugs is another circumstance that weighs against him. *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 502 (8th Cir. 2004) (possession of illegal drugs at time of money discovery weighed against claimant); *United States v. Ten Thousand Seven Hundred Dollars in U.S. Currency*, 258 F.3d 215, 224 (3rd. Cir. 2001) ("[C]laimants' possession of drugs or drug paraphernalia at the time of the seizure . . . would support the government's theory that the money in claimants' possession is connected to illegal drug trafficking."); *United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 877 (10th Cir. 1992) ("The unusually large

amount of hidden currency [and] the presence of drug paraphernalia . . . establishes a sufficient nexus between the defendant property and claimant['s] involvement in drug trafficking.")

### 3. Cocaine, a Firearm, Currency, and Drug Wrappings with Residue Found at the Residence and in the Pickup Truck Visiting the Residence

Pursuant to two search warrants, law enforcement officers found cocaine as well as drug wrappings with residue at the residence. Such drugs and drug paraphernalia found in close proximity to currency is yet another factor indicative of a substantial connection between the currency and drug trafficking. *$29,959.00*, 931 F.2d at 553 (finding that in addition to large amounts of currency found in the home, "[d]rugs and drug paraphernalia found in the yard and adjacent trailer are also strong evidence of a drug operation").

Claimant has not introduced any evidence rebutting the government's proof, nor has he offered an innocent owner defense. However, he makes two arguments in support of his claim. First, he asserts the government has failed to meet its burden and that the motion to suppress should have been granted. This issue was resolved by previous order (Doc. # 28), and Claimant has failed to come forward with any evidence that the warrants were vague, overbroad, or lacking in sufficient descriptiveness.

Second, Claimant contends that the government has failed to establish that the money was not honestly earned through legitimate employment. Pointing out ambiguities and potentially innocent explanations surrounding the government's proof is insufficient to rebut the government's proof. *$433,980*, 473 F. Supp. 2d at 690; *see also United States v.*

8

*$41,580.00 in U.S. Currency*, 253 Fed. Appx. 880, 882 (11th Cir. Nov. 9, 2007) (holding that claimant's denial of drug-dealing along with assertions that the seized cash was "legitimate" and had come from a business account were "non-responsive" to government's complaint). Moreover, Claimant offers no explanation for how he legitimately amassed the large sum of money seized from his residence, which strongly suggests he was involved in illegal activity. The amount of currency and lack of evidence of a legitimate income are highly probative of a substantial connection with illegal drug trafficking. *See United States v. $174,206.00*, 320 F.3d 658, 662 (6th Cir. 2003) (finding that a lack of legitimate income sufficient to explain large amounts of cash "unrebutted by any evidence pointing to any other source of legitimate income or any evidence indicating innocent ownership, satisfies the burden imposed by the statute [to establish a substantial connection]").

Viewing these factors in context and based on the totality of the circumstances, the court concludes that the government established by a preponderance of the evidence that the defendant currency found at Claimant's residence is substantially connected to illegal drug trafficking and is thus due to be forfeited.

## IV. CONCLUSION

Accordingly, for the reasons stated above, judgment is due to be entered in favor of

plaintiff United States and the defendant currency is due to be forfeited to the United States. An appropriate judgment will be entered. It is ORDERED that (1) the claimant's motion to strike (Doc. # 39) is GRANTED and (2) the United States shall file a proposed Decree of Forfeiture **on or before April 25, 2008**.

DONE this 18th day of April, 2008.

      /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE